**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FINANCIAL PACIFIC INSURANCE )
COMPANY, a California corporation, )
                                      )
        Plaintiff, )
                                      )         3:10-cv-707-RCJ-VPC
    v. )
                                      )         **ORDER**
                                      )
CRUZ EXCAVATING, INC., dba ZEPHYR )
COMPANIES, INC., et. al., )
                                      )
        Defendants.
_____

        Currently before the Court is Plaintiff Financial Pacific Insurance Company's ("Plaintiff") Motion to Dismiss Defendants Cruz Excavating, Inc., Scott Freidus, Naomi Freidus, Vince Scott, John W. Zerweck, Zecan Partners, LLC, and Scott Properties at Tahoe's (collectively referred to as "Defendants") Counterclaims (#9). The Court heard oral argument on June 6, 2011.

**BACKGROUND**

        Plaintiff filed a Complaint in this action in the Second Judicial District Court of the State of Nevada in and for the County of Washoe on September 16, 2010. The Complaint alleges six causes of action arising from an express indemnity agreement entered into between the parties. Defendants removed the matter to this Court on November 10, 2010.

        Plaintiff is a surety that issues bonds, such as performance bonds and payment bonds. (Mot. to Dismiss (#9) at 3). Defendant Cruz Excavating, Inc. is a Nevada incorporated business with its principle place of business in Incline Village, Nevada. *Id.* In consideration for the issuance of bonds by Plaintiff, Cruz Excavating, as principal, Scott D. Freidus, Naomi Freidus, Steven B. Cruz, Vassiliki Cruz, and John Zerweck, as indemnitors, entered into a

"Continuing Agreement of Indemnity" in favor of Plaintiff.  *Id.*  Under that agreement, Defendants agreed to indemnify and hold Plaintiff harmless from any and all losses relating to Plaintiff's issuance of bonds.  *Id.*

On March 12, 2009, Cruz Excavating entered into a written agreement with Truckee Meadows Water Authority ("TMWA") relating to a project identified as the "Stead AFB Main/Water Replacement – Phase II."  *Id.* at 5.  As a condition of that agreement, Cruz Excavating had to provide a Performance Bond and a Labor and Material Payment Bond, which it requested that Plaintiff issue on its behalf.  *Id.*  Plaintiff issued two bonds to Cruz Excavating: Bond No.: C908264 in the amount of $1,487,827.90 and Bond No.: C908265 in the amount of $656,933.00.  *Id.*  As noted in the foregoing, the parties had already entered into an indemnity agreement relating to the issues of bonds from Plaintiff to Cruz Excavating.  *Id.* at 3.  Thus, the parties had an express agreement whereby Defendants promised to indemnify and hold harmless Plaintiff from any and all losses relating to the bonds.  *Id.* at 4.

Plaintiff asserts that since the issuance of the bonds, the obligee, TMWA, has asserted claims under the bonds after Cruz Excavating.  *Id.*  Plaintiff states that it performed its obligations under the bonds and sought indemnity from Defendants.  *Id.*

As noted in the foregoing, Plaintiff filed a Complaint in state court asserting, among other claims, contractual indemnity and subrogation.  Defendants filed an Answer to the Complaint and Counterclaims on December 9, 2010.  (Answer and Counterclaims (#6)).  In their counterclaim, Defendants state that on March 19, 2009, Plaintiff issued performance and payment bonds naming Defendants as the Principal Contractor and TMWA as the obligee "with respect to certain contracts."  (Answer and Counterclaim (#6) at 6).  Defendants allege that in March, 2009 they commenced work on the "Stead AFB Main/Meter Replacement – Phase II."  *Id.*  Defendants state that they were required to install a main water line and then connect residential pipelines to the main water line.  *Id.*  On September 15, 2009, Defendants state that TMWA claimed Defendants were in default.  *Id.*  However, Defendants claim that there "were some minor delays due to unforeseen difficulties."  *Id.*  Defendants state that they completed work on the project on November 13, 2009.  *Id.*

On December 7, 2009, Defendants state that various claims were made on the bonds. *Id.* From November 2009 to May 2010, Defendants state that they "made several efforts to make payments on the bonds and to make additional payments available to Plaintiff." *Id.* Defendants state that "Plaintiff declined to receive Defendant/Counter-claimants payments and have taken actions that have driven up the costs and expenses on the bonds." *Id.* Based on the foregoing, Defendants have asserted counterclaims for: (1) breach of fiduciary duty; (2) tortious breach of the implied covenant of good faith and fair dealing; (3) conversion; and (4) intentional interference with contractual relations.

Plaintiff has now moved to dismiss the counterclaims asserted against it.

## DISCUSSION

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise the right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009)(internal quotation marks omitted). The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a [pleading] to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)(internal quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court

is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a court required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Id.* In a motion to dismiss, "[a] court may . . . consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

Plaintiff first argues that the Court must dismiss Defendants' first and second counterclaims alleging breach of fiduciary duty and tortious breach of the implied covenant of good faith and fair dealing, "as the contractual relationship between Plaintiff and Defendants is not a special relationship that gives rise to any fiduciary obligations." (Mot. to Dismiss (#9) at 1-2). Plaintiff states that Nevada law is clear that a surety owes no fiduciary obligations to its principal and/or indemnitors and, as such, both claims must fail as a matter of law.[1]

In Nevada, a cause of action for breach of fiduciary duty or breach of the implied covenant of good faith and fair dealing requires a special element of reliance or fiduciary

---

[1] Defendants do not address this argument anywhere in their Opposition (#12). Rather, Defendants' Opposition centers solely around the argument that their claims for relief satisfy the "simplified pleading standard" of Fed. R. Civ. P. 8(a). As noted by Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

4

obligation. *Great Am. Ins. Co. v. General Builders, Inc.*, 113 Nev. 346, 354, 934 P.2d 257 (Nev. 1997).[2] The Nevada Supreme Court has held that no special relationship exists between a surety and its principal and/or indemnitors. *Ins. Co. of the West v. Gibson Tile Co.*, 122 Nev. 455, 463, 134 P.3d 698 (Nev. 2006).

In this matter, Defendants' counterclaims for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing are dismissed pursuant to Nevada law. The contractual relationship between Plaintiff and Defendants is not a special relationship that gives rise to fiduciary obligations. The Nevada Supreme Court has held that a surety's role in providing bonds is distinct from a typical fiduciary relationship like an insurance company providing a policy to protect its insured. *Id.* According to that court, "a surety is not held to owe the same fiduciary duty to its principal." *Id.*

Thus, the Court grants Plaintiff's motion to dismiss as to Defendants' first two counterclaims without leave to amend.

In addition to the foregoing, Plaintiff moves to dismiss Defendants' third and fourth counterclaims for conversion and intentional interference with contractual relations on the ground that those claims, as pled, fail to state a claim. According to Plaintiff, these two counterclaims are so vague that Plaintiff cannot reasonably prepare a response to the counterclaims. In addition, Plaintiff states that Defendants' counterclaims fail to provide any factual support and are insufficient to satisfy the pleading standard of Rule 12(b)(6).

In response, Defendants argue that the pleading standard under the Federal Rules of Civil Procedure are governed by Rule 8(a). According to Defendants, Rule 8(a) provides for a "simplified pleading standard." Defendants state that they satisfy this simplified standard for pleading because their counterclaims give Plaintiff fair notice of the basis of their claims.

Despite Defendants' arguments to the contrary, it is clear from a review of the counterclaims that Defendants' pleadings fail to satisfy the *Twombly* standard of Rule 12(b),

---

[2] The Nevada Supreme Court has recognized a fiduciary relationship in only limited circumstances. These include relationships formed by employment, bailment, insurance, partnership, and franchise agreements. *Id.* at 355, 934 P.2d 257.

5

and also the notice pleading standard of Rule 8(a). Rule 8(a) provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Here, in their claim for conversion, Defendants merely state that Plaintiff "committed a distinct act of dominion wrongfully exerted over [Defendants'] personal property." (Answer and Counterclaim (#6) at 8). According to Defendants' claim, Plaintiff's "actions were in derogation, exclusion or defiance of [Defendants'] title or rights in personal property." *Id.* Defendants provide no other factual basis for their conversion claim.[3] As to their claim for intentional interference with contractual relations, Defendants merely state that there "exists a valid contract between [Defendants] and a third party," and that Plaintiff "knew of this contract." *Id.* Defendants state that Plaintiff "committed intentional acts intended or designed to disrupt the contractual relationship." *Id.* Defendants do not state what contract they are referring to, who the third party is, or how Plaintiff disrupted the contractual relationship.

These allegations, without more, are insufficient to state a claim for relief. As noted in the foregoing, a cause of action must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Here, the counterclaims provide no factual matter relating to these claims. Rather, Defendants have simply provided a formulaic recitation of the elements for a basic claim for conversion and intentional interference with contract. The Supreme Court has held that such formulaic pleading "will not do" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929.

Thus, based on the foregoing, the Court dismisses Defendants' counterclaims for failure to state a claim.

///
///
///
///

---

[3] Specifically, Defendants do not assert which personal property was taken, how it was taken, or any other facts which would provide Plaintiff notice of Defendants' conversion claim.

6

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion to Dismiss Defendants' Counterclaims (#9) is GRANTED in its entirety without leave to amend.

Dated this 21st day of July, 2011.

_____
United States District Judge